
O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| **ALEJANDRA VALDEZ,** | ) |
| Plaintiff, | ) Case No. CV 15-8897 AJW |
| v. | ) MEMORANDUM OF DECISION |
| **CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,** | ) |
| Defendant. | ) |

Plaintiff filed this action seeking reversal of the decision of defendant, the Commissioner of the Social Security Administration (the "Commissioner"), denying plaintiff's application for disability insurance benefits and supplemental security income. The parties have filed a Joint Stipulation ("JS") setting forth their contentions with respect to each disputed issue.

**Administrative Proceedings**

The procedural facts are summarized in the joint stipulation. [See JS 2]. In a written hearing decision that constitutes the Commissioner's final decision in this matter, the Administrative Law Judge ("ALJ") concluded that plaintiff was not disabled because her residual functional capacity ("RFC") did not preclude her from performing alternative jobs available in significant numbers in the national economy. [JS 2; Administrative Record ("AR") 10-20].

**Standard of Review**

The Commissioner's denial of benefits should be disturbed only if it is not supported by substantial evidence or is based on legal error. Brown-Hunter v. Colvin, 806 F.3d 487, 492 (9th Cir. 2015); Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). "Substantial evidence" means "more than a mere scintilla, but less than a preponderance." Bayliss v. Barnhart, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). "It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (internal quotation marks omitted). The court is required to review the record as a whole and to consider evidence detracting from the decision as well as evidence supporting the decision. Robbins v. Soc. Sec. Admin, 466 F.3d 880, 882 (9th Cir. 2006); Verduzco v. Apfel, 188 F.3d 1087, 1089 (9th Cir. 1999). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld. Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002) (citing Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999)).

**Discussion**

Plaintiff contends that the ALJ erred by failing to articulate legally sufficient reasons for rejecting the alleged severity of her subjective symptoms and by failing to specify what testimony he accepted or rejected. [See JS 3-14].

If the record contains objective evidence of an underlying physical or mental impairment that is reasonably likely to be the source of a claimant's subjective symptoms, the ALJ is required to consider all subjective testimony as to the severity of the symptoms. Moisa v. Barnhart, 367 F.3d 882, 885 (9th Cir. 2004); Bunnell v. Sullivan, 947 F.2d 341, 345 (9th Cir. 1991) (en banc); see also 20 C.F.R. §§ 404.1529(a), 416.929(a) (explaining how pain and other symptoms are evaluated). Absent affirmative evidence of malingering, the ALJ must then provide specific, clear and convincing reasons for rejecting a claimant's subjective complaints. Vasquez v. Astrue, 547 F.3d 1101, 1105 (9th Cir. 2008); Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1160-1161 (9th Cir. 2008); Moisa, 367 F.3d at 885. If the ALJ's interpretation of the claimant's testimony is reasonable and is supported by substantial evidence, it is not the court's role to "second-guess" it. Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).

In evaluating subjective symptom testimony, the ALJ must consider "all of the evidence presented,"

1 including the following factors: (1) the claimant's daily activities; (2) the location, duration, frequency, and
2 intensity of pain and other symptoms; (3) precipitating and aggravating factors, such as movement, activity,
3 and environmental conditions; (4) the type, dosage, effectiveness, and adverse side effects of any medication
4 an individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication,
5 for relief of pain or other symptoms; (6) any other measures used by the claimant to relieve pain or other
6 symptoms; and (7) other factors concerning the claimant's functional restrictions due to such symptoms.
7 See 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3). The ALJ also may employ "ordinary techniques of
8 credibility evaluation," considering such factors as (8) the claimant's reputation for truthfulness; (9)
9 inconsistencies within the claimant's testimony, or between the claimant's testimony and the claimant's
10 conduct; (10) a lack of candor by the claimant regarding matters other than the claimant's subjective
11 symptoms; (11) the claimant's work record; and (12) information from physicians, relatives, or friends
12 concerning the nature, severity, and effect of the claimant's symptoms. See Light v. Soc. Sec. Admin., 119
13 F.3d 789, 792 (9th Cir.1997); Fair v. Bowen, 885 F.2d 597, 604 n.5 (9th Cir. 1989).

14 After providing what plaintiff describes as a "thorough[]" summary of her hearing testimony [JS 3],
15 the ALJ explained his reasons, and the record evidence he relied on, for not fully crediting the plaintiff's
16 subjective allegations regarding her: (1) "alleged back pain with residual right-sided pain"; (2) "alleged foot
17 pain"; (3) need for psychotropic medication; (4) weight loss efforts; (5) left shoulder pain; (6) knee pain;
18 (7) need for assistance with activities of daily living; (8) memory loss or mental deficit; (9) depressive
19 symptoms; and (10) past medical treatment. [AR 17]. For each such subjective symptom or statement, the
20 ALJ identified evidence in the record that undermined the alleged nature, intensity, persistence, or limiting
21 effects of the symptom.

22 By way of illustration, the ALJ noted that plaintiff alleged foot pain in November 2011, "but a
23 radiology report was normal," "[r]ecords do not reflect that she has difficulty walking," and "she does not
24 need an assistive device to walk. He remarked that plaintiff reported receiving epidural injections,
25 prescription narcotic pain medication, and a muscle relaxer, but that the medical records did not corroborate
26 such treatment, and she was not taking any pain medication at the time of the hearing; moreover, plaintiff
27 cancelled a scheduled facet block injection in July 2013, and her treating doctor noted that her right sciatica
28 was resolved. He observed that plaintiff "complained of shoulder pain in September 2013," but that no

1  problems were noted with her shoulders during a prior or subsequent examination. [AR 17]. Plaintiff does not address, much less challenge, *any* of the specific reasons articulated by the ALJ in support of his credibility finding.

It is true that the ALJ's approach lacks some of the clarity and analytical precision of ALJ decisions that identify not only the specific reasons supporting an adverse credibility but also the relevant rubric, such as "inconsistent statements," "inconsistent conduct," "lack of treatment commensurate with the alleged severity of her symptoms," and "inconsistent with the objective medical evidence." This is not, however, a case in which the ALJ merely summarized the record evidence and made "a single, conclusory statement that 'the individual's allegations have been considered' or that 'the allegations are [not] credible.'" Brown-Hunter, 806 F.3d at 493 (quoting Social Security Ruling ("SSR") 96–7P, 1996 WL 374186 at *2). Here, the ALJ linked his discussion of particular subjective allegations to particular evidence in the record and explained how that evidence contradicted or otherwise undermined the subjective allegations. Thus, the ALJ's decision "contain[s] specific reasons for the finding on credibility, supported by the evidence in the case record, and [is] sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." Brown-Hunter, 806 F.3d at 493 (internal ellipses and italics omitted) (quoting SSR 96–7P, 1996 WL 374186 at *2); see Magallanes v. Bowen, 881 F.2d 747, 755 (9th Cir. 1989) (stating that an ALJ is not required to "recite . . . magic words," and that a reviewing court is "not deprived of [its] faculties for drawing specific and legitimate inferences from the ALJ's opinion," provided "those inferences are there to be drawn"). Accordingly, plaintiff's contention lacks merit.

## Conclusion

For the reasons stated above, the Commissioner's decision is supported by substantial evidence and is free of legal error. Accordingly, the Commissioner's decision is **affirmed**.

**IT IS SO ORDERED.**

August 17, 2016

_____
ANDREW J. WISTRICH
United States Magistrate Judge

4